IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUSSELL PENTICO,

        Petitioner,

    v.

MITCH MORROW,

        Respondent.

Civil No. 07-6127-BR

OPINION AND ORDER

MICHELLE A. RYAN
5015 SE Hawthorne Blvd.
Suite C
Portland, OR  97215

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On May 10, 1994, a Clackamas County grand jury indicted Petitioner on eight counts of Rape in the First Degree, three counts of Sodomy in the First Degree, and one count of Sexual Abuse in the First Degree. The victim in all twelve counts was Petitioner's step-daughter. The charges arose from incidents that occurred over a period of approximately three years when the victim was ten to thirteen years old.

Petitioner waived his right to trial by jury and was tried to the court. The trial judge found Petitioner guilty on all counts and sentenced him to a total of 256 months of imprisonment.

Petitioner directly appealed. The Oregon Court of Appeals affirmed from the bench and the Oregon Supreme Court denied review. *State v. Pentico*, 153 Or. App. 371, 960 P.2d 395, *rev. denied*, 327 Or. 431, 966 P.2d 222 (1998).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed. The state filed a motion for

2 - OPINION AND ORDER -

summary affirmance, which the Oregon Court of Appeals granted. Resp. Exh. 131. The Oregon Supreme Court denied review. Resp. Exh. 133.

On June 7, 2006, Petitioner filed his habeas corpus action in this court. In his Petition for Writ of Habeas Corpus, Petitioner alleges the following grounds for relief:

> **Ground One:** In post-conviction, Petitioner was denied effective adequate assistance of trial counsel under Article I, section 11 of the Constitution of the State of Oregon and the Sixth and Fourteenth Amendments to the Constitution of the United States, under the holdings of *Strickland v. Washington*, 466 U.S. 668 (1984). Resulting in the violation of his federal and state rights to a fair trial and due process, when trial counsel failed to exercise professional skill and judgment in a reasonable, diligent and conscientious manner as follows:
>
> 1. Trial counsel failed to conduct an adequate investigation into the law and facts surrounding the charges.
>
> 2. Trial counsel failed to interview and subpoena witnesses who could have testified on petitioner's behalf.
>
> 3. Trial counsel failed to adequately prepare petitioner to testify, nor allow petitioner to make the decision whether to testify.
>
> 4. Trial counsel failed to ensure that the medication petitioner was taking at the time of trial did not adversely affect petitioner's competency to stand trial.

Respondent argues Petitioner procedurally defaulted all of the claims alleged and that, in any event, the PCR court's denial of relief was not contrary to or an unreasonable application of

3 - OPINION AND ORDER -

clearly established federal law. Petitioner concedes the claims were procedurally defaulted but argues cause and prejudice exist to excuse the procedural default. Petitioner further argues he is entitled to relief on the merits. Because Petitioner's claims fail on their merits, this Court declines to decide the procedural default issue. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state").

## DISCUSSION

### I. Legal Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's determination of a factual issue "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner carries the burden of rebutting this presumption of correctness by clear and convincing evidence. *Id*.

4 - OPINION AND ORDER -

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

A state court decision can be overturned for legal error only if the state court's application of Supreme Court case law was "objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

**B.   Analysis**

Petitioner alleges trial counsel provided constitutionally ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments. In order to prevail on his

claim of ineffective assistance of counsel, Petitioner must show both (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first part of this test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. While this burden is not insurmountable, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance."  *Id*. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'"  *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

The PCR trial judge considered Petitioner's ineffective assistance of counsel claims, and in light of the trial record and

6 - OPINION AND ORDER -

the evidence presented in the PCR proceeding, entered the following pertinent Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

    1.   Petitioner was charged and convicted of sexually abusing his step-daughter. . . . The victim testified at trial that petitioner sexually abused her when she was 10-13 years old. The victim testified that petitioner touched her 30-40 times over the last three years, but that she could specifically remember only the 12 charged incidents.

    2.   Petitioner failed to present any testimony in this proceeding to substantiate his claim that counsel failed to call witnesses to support his defense. Petitioner also failed to present any evidence that counsel should have filed additional motions in his case. Petitioner presented no evidence to support his claim that his grand jury consisted of only three people and that one of the grand jurors resided outside of Clackamas County.

    * * *

    4.   Petitioner failed to present the testimony of Leo Munter, John Stevens, Demone Newman, Joshua Clark, and Chay Choi, to support his claims that counsel committed error when he failed to call these witnesses at trial.

    5.   Petitioner failed to present any testimony in support of his claim that counsel failed to call a witness in support of a memory suppression/repression/disassociative amnesia disorder. There was no evidence that the victim suffered from any of these named disorders.

    6.   Petitioner actively participated in his defense. Trial counsel specifically advised petitioner regarding his choice to enter a plea or go to trial, whether to testify in his own defense, and whether to have a trial by jury or judge. Petitioner insisted on proceeding to trial and voluntary waived his right to a jury trial. Petitioner never told counsel he was medicated prior to trial and there is no evidence to

7 - OPINION AND ORDER -

suggest that petitioner was incompetent to proceed to trial.

\* \* \*

## CONCLUSIONS OF LAW

1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

Resp. Exh. 126, pp. 4-5.

This Court agrees with the PCR trial judge. Other than his own deposition testimony, Petitioner presented no evidence of what additional investigation would have uncovered or what testimony any additional witnesses would have provided. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (habeas petitioner's speculative testimony concerning what potential witnesses might have testified to was not evidence of the substance of that testimony). Moreover, trial counsel's affidavit directly contradicted Petitioner's claim that he "forced" Petitioner to testify and failed to adequately prepare him to do so. Finally, Petitioner presented no evidence in the PCR proceeding as to what medication he was taking during the criminal trial or how that medication could have affected his ability to comprehend and participate.

8 - OPINION AND ORDER -

Ultimately, for Petitioner to obtain habeas relief, the state PCR court's decision "must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotations omitted).  "The state court's application [of federal law] must have been 'objectively unreasonable.'"  *Id*. at 520-21 (internal quotations omitted).  Taking the facts in the record as a whole, Petitioner has not demonstrated that trial counsel's representation was objectively unreasonable.[1]  Accordingly, the PCR court's conclusion that trial counsel did not render ineffective assistance of counsel is not contrary to, or an unreasonable application of, clearly established federal law and Petitioner is not entitled to habeas relief.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 9th day of October, 2009.

>          /s/ Anna J. Brown
>       ANNA J. BROWN
>       United States District Judge

---

[1] Having found counsel's performance was not deficient, this court need not address prejudice.  *See Strickland*, 466 U.S. at 697 (noting that courts may consider either prong of the test first and need not address both if the petitioner fails one).

9 - OPINION AND ORDER -                P:\Brown-LawClerks\07-6127pentico1008opin.wpd